CHRISTENSEN JAMES & MARTIN
DARYL E. MARTIN, ESQ. (6735)
WESLEY J. SMITH, ESQ. (11871)
7440 W. Sahara Avenue
Las Vegas, Nevada 89117
Telephone: (702) 255-1718
Facsimile: (702) 255-0871
Email: dem@cjmlv.com, wes@cjmlv.com
*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| EMPLOYEE PAINTERS' TRUST; PAINTERS & FLOORCOVERERS JOINT COMMITTEE; PAINTERS, GLAZIERS & FLOORCOVERERS JOINT APPRENTICESHIP & JOURNEYMAN TRAINING TRUST; PAINTERS ORGANIZING FUND; PAINTERS, GLAZIERS & FLOORCOVERERS SAFETY TRAINING TRUST FUND; SOUTHERN NEVADA PDCA/FCA INDUSTRY PROMOTION FUND, through their designated fiduciary John Smirk; INTERNATIONAL UNION OF PAINTERS & ALLIED TRADES INDUSTRY PENSION FUND; IUPAT FINISHING TRADES INSTITUTE; PAINTERS & ALLIED TRADES LABOR MANAGEMENT COOPERATION INITIATIVE; IUPAT POLITICAL ACTION TOGETHER FUND, through their designated fiduciary, Gary Meyers; DISTRICT COUNCIL 16 NORTHERN CALIFORNIA JOURNEYMAN & APPRENTICE TRAINING TRUST FUND; HOLIDAY & VACATION FUND; LOCAL 567 ORGANIZING FUND; LOCAL 567 UNITY FUND, through their designated fiduciary, Todd Koch, <br><br>     Plaintiffs, <br>vs. <br><br>CWS CONTRACTORS, LLC, a Nevada limited liability company; CHRIS ARNOLD, an individual, <br><br>     Defendants. | Case No. 2:17-cv-00364-APG-CWH <br><br>**THIRD AMENDED JUDGMENT BY CONFESSON** |

1

2       Pursuant to the express Stipulation and Consent for Entry of Judgment by Confession
3 ("Stipulation"), it is hereby ORDERED, ADJUDGED AND DECREED that:

4       1.      This Court has jurisdiction of this case and venue is proper pursuant to Section
5 301(a) of the Labor-Management Relations Act of 1947 ("LMRA"), as amended [29 U.S.C. §
6 185(a)] and Sections 502(a)(3) and 502(e)(2) of the Employee Retirement Income Security Act
7 of 1974 ("ERISA"), as amended [29 U.SC. §§ 1132(a)(3) & 1132(e)(2)]. Pursuant to 28 U.S.C.
8 § 1367 this Court has ancillary jurisdiction over any secondary causes of action.

9       2.      The Plaintiff Trusts are express trusts created pursuant to written declarations of
10 trust, consistent with Section 302(c) of the LMRA, as amended [29 U.S.C. § 186(c)], and bring
11 this action in accordance with Sections 502(d)(1), 502(a)(3) and 515 of ERISA, as amended [29
12 U.S.C. § 1001, *et seq*.]. The Trusts maintain offices in Nevada for the purpose of administering
13
14 benefits.

15       3.      At all times material herein, the International Union of Painters and Allied Trades,
16 District Council 15 ("Union") has been a labor organization representing employees in the
17 construction industry in southern Nevada. The Union is a labor organization representing
18 employees in an industry affecting commerce within the meaning of Section 301(a) of the
19 LMRA, as amended [29 U.S.C. § 185(a)].

20       3.      The above-named Plaintiff Trust Funds (hereinafter "Plaintiffs" or "Trusts") shall
21 take Judgment by Confession ("Judgment") against Defendant Chris Arnold ("Arnold") for
22
23 the sum of Three Hundred Thirty Nine Thousand Four Hundred Sixty Nine and 71/100 Dollars
24 ($339,469.71) ("Judgment Amount"), which sum includes reported but unpaid fringe benefit
25 contributions owed to the Trusts for work performed in Northern Nevada and Southern Nevada
26 during the period of April 1, 2015 through March 31, 2016 ("Delinquency Period"), as well as
27 contribution delinquencies discovered by payroll compliance audit for the period of July 1, 2012
28

through December 31, 2015 ("Audit Period"), plus pre-judgment interest, liquidated damages, attorney's fees, and costs. Interest shall accrue on the Judgment Amount, less any payments received, at the rate of seven percent (7%) per annum until paid in full.

4. The Judgment Amount shall be paid to Plaintiffs as third party beneficiaries under the terms of a written collective bargaining agreement ("Labor Agreement") between CWS Contractors, LLC ("CWS") and the Union.

5. Mr. Arnold, as an individual and authorized representative of CWS, has participated in the negotiation of the Labor Agreement, has knowledge of the Judgment Amount and has agreed to be personally and separately liable for the Judgment Amount and for compliance with the terms and conditions as set forth below.

6. This Judgment includes settlement of all known claims by Plaintiffs for reported but unpaid fringe benefit contributions and damages owed to the Trusts for the Delinquency Period for work performed in Southern Nevada under the jurisdiction of CWS' Labor Agreement with the Union, as well as work performed as "out of area work" under the jurisdiction of IUPAT District Council 16 in Northern Nevada. This Judgment also includes settlement of claims for contribution delinquencies discovered by payroll compliance audit for the Audit Period. Defendants acknowledge that the Trusts have not audited CWS's payroll records for certain portions of the Delinquency Period, including any period of time after December 31, 2015. This Judgment is not intended to, and it does not, resolve, address or secure claims that are as yet unknown to the Trusts, including any claims that may later be revealed by Audit for any period that has not been audited. The Trusts reserve all audit rights for periods that have not been audited.

7. The Judgment Amount, including interest on the declining Judgment balance and any after-accruing amounts, shall be paid by Arnold as follows:

    a. A payment in the amount of Two Hundred Seventy Four Thousand Six Hundred Ninety Four and 15/100 Dollars ($275,744.04) from CWS' receivables on the Cal Neva Lodge project, to be paid upon prosecution and/or resolution of CWS'

      mechanic's lien claim on the project;

    b. Monthly payments to the Trusts in the amount of Two Thousand Dollars ($2,000.00) per month, commencing on June 1, 2016 and continuing on or before the first (1st) day of each month thereafter until the Judgment Amount is paid in full.

Interest shall accrue on the declining balance of the Judgment Amount at seven percent (7%) per annum. Subject only to Arnold's right to cure as set forth herein, the final payment of all unpaid portions of the Judgment Amount shall be increased to include any late fees and after-accruing attorney's fees and costs incurred by Plaintiffs relating to this Judgment for collection of the amounts referenced herein.

    8.    The payments toward the Judgment Amount required herein shall be made payable to "Painters Joint Trust Funds" and shall be remitted to Plaintiffs' attorney, Christensen James & Martin, at 7440 W. Sahara Ave., Las Vegas, NV 89117, or at such other location as Arnold is notified in writing. Should any of Arnold's payments be returned for insufficient funds, all subsequent payments shall be made using cashier's checks or money orders.

12. Arnold shall have the right at any time to prepay the entire balance owed, or any portion thereof, without incurring a prepayment penalty. However, interest will continue to accrue on any amount that remains unpaid.

13. During the period that Arnold timely makes the required payments and faithfully performs under this Judgment, the Plaintiffs shall stay claims against Bond No. 2131356 issued to CWS by North American Specialty Insurance Company for CWS's C-4 Contractor License ("License Bond") and the employee benefits bond issued to CWS by United States Fire Insurance Company ("Benefits Bond").

14. Upon Plaintiffs' timely receipt and negotiation of all of the payments set forth herein, liquidated damages in the amount of Forty Three Thousand Two Hundred Ninety Five and 22/100 Dollars ($43,295.22) shall be waived ("Liquidated Damages Waiver"). However, if Arnold fails to timely remit the Payments required herein, including monthly contributions required under Paragraph 11, the waiver shall be deemed revoked, and Arnold shall be obligated to pay the liquidated damages to the Trusts, subject only to his right to cure set forth in Paragraph 15, below. Arnold acknowledges that a waiver of liquidated damages is governed by the Plaintiffs' Collection Policies, which state that waiver is contingent on an employer remaining current in all payment obligations for a twenty four (24) month period following waiver. Later delinquency by the employer during the 24-month period may cause immediate reinstatement of all previous amounts contingently waived and such amount will be immediately due and payable.

15. Should Arnold fail to satisfy any of the conditions in this Judgment, a written Notice of Default shall immediately be delivered to: CWS Contractors, LLC, Attn: Chris Arnold, 4444 W. Russell Road, Ste H, Las Vegas Nevada 89118 and carnold@cwscontractors.com. Each such Notice required to be sent shall result in an automatic late fee and collection charge of $150.00 (which will be applied as a credit against any attorney's fees and costs incurred as a result of the Default) to be paid in addition to any payment that Arnold has failed to pay and shall be paid immediately with the cure payment. If Arnold thereafter fails to make the required payment(s) or otherwise fail to comply with the conditions of such paragraphs within ten (10) days of the date of such Notice, then:

    a. Any reasonable attorney's fees and costs incurred by the Plaintiffs to collect the amounts owed under this Judgment, shall be added to the balance owed under this Judgment;

    b. The Liquidated Damages Waiver shall be revoked;

    c. Plaintiffs shall the immediate right to collect the contract receivables assigned to the Plaintiffs by Arnold by way of the Assignments;

    d. Arnold waives any and all objections or defenses pertaining to the License Bond and Benefits Bond and Plaintiffs shall have the unconditional and immediate right to collect the proceeds of the bonds for whatever amount then remains due and owing, including after-accruing attorney's fees, without further notice to Arnold or Order from the Court;

    e. Plaintiffs shall have the unconditional and immediate right to file and execute upon the Judgment for whatever amount then remains due and owing without further notice to Arnold or Order from the Court; and

    f. Interest on any unpaid Judgment balance shall accrue at the rate of seven percent (7%) from the date of the Default until it is paid in full.

16. Filing and execution on the Stipulation and this Judgment shall be stayed provided that the Payments required herein, including payment of the Judgment Payments set forth in Paragraph 7 and the monthly contribution obligations set forth in Paragraph 11, are made by Arnold in accordance with the terms of this Judgment.

17. Upon Plaintiffs' receipt and negotiation of payment of the entire Judgment Amount, this obligation will have been satisfied and, upon receipt of a request therefor, Plaintiffs shall deliver to Arnold a written Satisfaction of Judgment. A Satisfaction of Judgment shall not be executed nor delivered until all of Arnold's obligations under this Judgment have been fully performed.

18. The following potential claims are reserved by the Trusts: (i) any claims unrelated to the Judgment Amount, accruing before or after the effective date of this Judgment, including, without limitation, claims by any of the Trusts for additional contributions and related damages that may be due and owing to any of the Trusts pursuant to the provisions of any collective bargaining agreement to which Defendants may be bound that requires the payment of contributions to the Trusts; (ii) the obligation of the Defendants or any trade or business under common control of Defendants (to the extent Defendants or any trade or business under common control with Defendants has any obligation) to pay, and the rights of the Trusts to assess and

collect, withdrawal liability pursuant to 29 U.S.C. § 1381 *et. seq.* (including the use of CWS' contribution history for purposes of calculating any withdrawal liability); and (iii) any additional claims discovered by audit for any period.

19. The Stipulation and this Judgment shall be considered one instrument and shall become binding when signed. Signatures to the Stipulation and Judgment, as provided via facsimile or scanned document, shall be valid and shall be deemed the equivalent of original signatures.

Dated and done this 4th day of April, 2017.

_____
UNITED STATES DISTRICT COURT JUDGE

CHRISTENSEN JAMES & MARTIN
By: _____
Wesley J. Smith, Esq.
*Attorneys for Plaintiffs*

Date: May 26, 2016.

1  collect, withdrawal liability pursuant to 29 U.S.C. § 1381 *et. seq.* (including the use of CWS'
2  contribution history for purposes of calculating any withdrawal liability); and (iii) any additional
3  claims discovered by audit for any period.

4    19.    The Stipulation and this Judgment shall be considered one instrument and shall
5  become binding when signed. Signatures to the Stipulation and Judgment, as provided via
6  facsimile or scanned document, shall be valid and shall be deemed the equivalent of original
7  signatures.

8    20.    Defendants have consulted the attorney of their choice and fully understand the
9  obligations and consequences of this Judgment.

10  DATED and done this ____ day of _____, 20___.

_____
UNITED STATES DISTRICT COURT JUDGE

CHRISTENSEN JAMES & MARTIN      CWS CONTRACTORS, LLC

By: _____      By: _____
    Wesley J. Smith, Esq.      Its: _____
    *Attorneys for Plaintiffs*

Date: May _____, 2016.      Date: May __, 2016.

_____
CHRIS ARNOLD

Date: May __, 2016.

-10-

## OATH AND VERIFICATION

STATE OF NEVADA    )
                   : ss.
COUNTY OF CLARK    )

Chris Arnold, as Manager of CWS Contractors, LLC, being first duly sworn upon oath, now verifies and declares that:

1. Entry of this Judgment by Confession, according to its provisions, is duly authorized; and
2. The monies due and owing and the basis for said Judgment are accurately set forth in the Stipulation and this Judgment.

Further you affiant sayeth naught.

_____
as Manager of CWS Contractors, LLC

Subscribed and Sworn before me this ___ day of May, 2016.

_____
Notary Public

MICHELE A RETTINGER
Notary Public, State of Nevada
Appointment No. 07-1261-1
My Appt. Expires Nov. 29, 2018

## OATH AND VERIFICATION

STATE OF NEVADA    )
                   : ss.
COUNTY OF CLARK    )

CHRIS ARNOLD, individually, being first duly sworn upon oath, now verifies and declares that:

1. Entry of this Judgment by Confession, according to its provisions, is duly authorized; and
2. The monies due and owing and the basis for said Judgment are accurately set forth in the Stipulation and this Judgment.

Further you affiant sayeth naught.

_____
CHRIS ARNOLD

Subscribed and Sworn before me this ___ day of May, 2016.

_____
Notary Public

MICHELE A RETTINGER
Notary Public, State of Nevada
Appointment No. 07-1261-1
My Appt. Expires Nov. 29, 2018

-11-